USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 4/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA *ex rel.*
BENJAMIN J. ASHMORE, SR.

                Plaintiff,

      v.

CGI GROUP, INC., *et al.*,

                Defendants.

15-CV-4277 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On June 3, 2015, the Plaintiff/Relator Benjamin J. Ashmore, Sr. (hereinafter "Plaintiff"), through retained counsel, filed this qui tam action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq. On June 14, 2019, the United States declined to intervene. On June 25, 2019, the Court unsealed the Complaint and directed the Plaintiff to either serve the Complaint or voluntarily dismiss the action. Dkt. 18.

On December 10, 2019, this Court granted Plaintiff's counsel's request to withdraw and stayed the proceedings for sixty (60) days to allow him to find new counsel. Dkt. 63. The deadline for Plaintiff to find new counsel expired on February 8, 2020. On February 10, 2020, Defendants CGI Inc. and CGI Federal Inc. (collectively "CGI") filed a letter requesting dismissal of the action without prejudice in light of the fact that a litigant may not pursue a *qui tam* action under the False Claims Act without representation by legal counsel. Dkt. 71; *see also U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89 (2d Cir. 2008) (affirming dismissal of qui tam complaint by pro se plaintiff).

On February 11, 2020, the Court granted an extension of the stay until March 11, 2020 to allow Plaintiff to find new counsel. Dkt. 72. The Court's February 11, 2020 Order stated, "If Plaintiff does not find new counsel that enters an appearance by March 11, 2020, this action may

be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." *Id*. Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b).

On March 11, 2020, attorney Robert A. Magnanini filed a letter stating that his firm was "investigating" Plaintiff's allegations and "seriously considering the matter." Dkt. 73. Magnanini, with Plaintiff's consent, requests an additional 60-day extension of the stay. *Id*. CGI filed a letter opposing Magnani's request and seeking dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). Dkt. 74. On March 12, 2020, the Court granted a final 30-day extension of the stay until April 10, 2020. Dkt. 75. The Court's March 12, 2020 Order stated: "No further requests for extensions will be granted. **If Plaintiff does not find new counsel that enters an appearance by April 10, 2020, this action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).**" *Id*. Mr. Magnanini never entered an appearance in this action, nor has any other attorney entered an appearance to date.

On April 8, 2020, Plaintiff filed a letter motion arguing that he should not be required to obtain licensed legal counsel at all because he is "working in the legal field, and enrolled at Rutgers Law School" where he "is currently a third-year student on track to graduate in May 2020." ECF No. 77 at 2-3.[1] Plaintiff also asserts that he "anticipates gaining diploma privileges to practice law upon graduation in a few weeks pursuant to the April 6, 2020 announcement and order of the New Jersey Supreme Court," which grants permission for supervised practice of law to new law school graduates in the State of New Jersey. *Id*. at 3.

On April 10, 2020, Defendants filed a letter in opposition to Plaintiff's letter motion, arguing that Plaintiff "is not a licensed attorney, and he therefore falls within the well-established

---

[1] Plaintiff appears to have filed a second, identical letter motion on April 9, 2020. Dkt. 79.

rule that a non-lawyer may not proceed *pro se* in a *qui tam* action." Dkt. 80 (citing *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89 (2d Cir. 2008). Moreover, Defendants rightly point out that the New Jersey Supreme Court's Order authorizes 2020 graduates of New Jersey law schools to temporary practice law "under the supervision of a licensed attorney who has been licensed to practice for at least three years." Dkt 80-1 (New Jersey Supreme Court Order), at 2. The Order also provides that "[t]he supervising attorney's name and bar ID should appear on any papers filed with the courts." *Id*. at 4. The Plaintiff's letter motion, however, does not identify any attorney who would supervise his practice of law and no such attorney has entered an appearance in this case or agreed to supervise Plaintiff.

In addition, the Order requires that, as a condition of practicing under the supervision of a licensed attorney, a qualifying graduate must also "submit . . . all materials required for review and certification by . . . the Committee on Character, no later than the final deadline of June 5, 2020" and the graduate "must be certified by the Committee on Character before they are authorized to practice under supervision under this order." *Id*. at 2-3. The Order also cautions that "[o]rdinarily, that review process can take months." *Id*. at 3. Plaintiff has not established that he has met these preconditions.

On April 13, 2020, Plaintiff filed a letter replying to Defendants' April 10, 2020 letter, in which he argued that Defendants' arguments about his inability to meet the requirements of the New Jersey Supreme Court Order were "premature." Dkt. 81, at 3. The Court disagrees.

In light of Plaintiff's failure to secure counsel after the Court granted three stays to enable him to do so, the Court now dismisses this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). As previously explained, a pro se litigant may not prosecute a *qui tam* action under the False Claims Act. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93-94

3

(2d Cir. 2008). Moreover, Plaintiff has not met the qualifications to practice under the New Jersey Supreme Court Order, including: (1) graduating from an ABA-accredited law school, (2) identifying an attorney to supervise his practice of law—whose name and Bar ID would appear on all court filings—or (3) receiving certification from the New Jersey Committee on Character. Although this Court has liberally granted adjournments to litigants in light of the current Covid-19 crisis, Plaintiff's failure to obtain counsel and comply with the Court's orders arose well before the onset of the public health crisis. Indeed, this action has been pending for nearly five years, and the Government declined to intervene approximately ten months ago. Further, the Court explicitly warned Plaintiff on February 11, 2020 that his action "may" be dismissed and on March 12, 2020 that his action "will" be dismissed if he did not secure counsel. Dkts. 72, 75. Plaintiff has thus had ample opportunity to secure counsel, yet has failed to do so. Accordingly, this action is dismissed without prejudice. The Clerk of Court is respectfully directed close this case and terminate the gavels at Dockets 77 and 79.

SO ORDERED.

Dated: April 14, 2020
        New York, New York

                                                  Hon. Ronnie Abrams
                                                  United States District Judge